Filed 5/29/18

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

(Sacramento)

----

| | |
|---|---|
| ALLIANCE FOR CALIFORNIA BUSINESS, | C082828 |
| Plaintiff and Appellant, | (Super. Ct. No. 13CV01232) |
| v. | |
| STATE AIR RESOURCES BOARD, | |
| Defendant and Respondent. | |
| JACK CODY, | C083083 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201580002116CUWMGDS) |
| v. | |
| STATE AIR RESOURCES BOARD et al., | |
| Defendants and Respondents. | |

1

APPEAL from a judgment of the Superior Court of Glenn County, Peter B. Twede, Judge.  Affirmed.

Cannata, O'Toole, Fickes & Almazan, Therese Y. Cannata, Mark P. Fickes, and Zachary Colbeth for Plaintiff and Appellant Alliance for California Business.

Xavier Becerra, Attorney General, Robert W. Byrne, Senior Assistant Attorney General, Russell B. Hildreth and Nicholas Stern, Deputy Attorneys General for Defendants and Respondents State Air Resources Board.

APPEAL from a judgment of the Superior Court of Sacramento County, Timothy M. Frawley, Judge.  Affirmed.

The Cullen Law Firm, Daniel E. Cohen and Noah M. Rich; Brian Leighton Law Offices and Brian Leighton for Plaintiff and Appellant, Jack Cody.

Xavier Becerra, Attorney General, Robert W. Byrne, Senior Assistant Attorney General, Randy L. Barrow, Linda Gandara, Courtney S. Covington, and Carolyn Nelson Rowan, Deputy Attorneys General for Defendants and Respondents State Air Resources Board.

We consolidated these cases to address a novel question regarding jurisdiction under the unique and complex cooperative federalism scheme of the federal Clean Air Act (42 U.S.C. § 7401 et seq.) (Act).  The Act authorizes the United States Environmental Protection Agency (Agency) to promulgate national primary and secondary ambient air quality standards.  (*Id*., §§ 7408, 7409.)  States, however, have the "primary responsibility for assuring air quality" and must each devise, adopt, and implement a state implementation plan (SIP) specifying how the state will achieve and maintain the national air quality standards.  (*Id.*, § 7407(a).)  The SIP is submitted to the Agency's administrator (Administrator) for approval.  (*Id.*, § 7410(a)(1), (a)(3)(B).)  Once approved by the Administrator and codified in the Code of Federal Regulations, the SIP becomes federal law and may be enforced "by either the State, the [Agency], or via citizen suits."  (*Bayview Hunters v. Metropolitan Transp.* (9th Cir. 2004) 366 F.3d 692,

695; *California Dump Truck Owners Ass'n. v. Nichols* (9th Cir. 2015) 784 F.3d 500, 503 (*Dump Truck*).)

The cases here seek the same relief and practical objective -- to invalidate and render unenforceable, in whole or in part, albeit on different grounds, a state regulation known as the Truck and Bus Regulation[1] (Regulation), which was approved by the Administrator as part of and incorporated into California's SIP. Plaintiff Jack Cody argues the Regulation violates the dormant commerce clause of the United States Constitution because it discriminates against out-of-state truckers by imposing a disproportionate compliance burden on them. Plaintiff Alliance for California Business[2] (Alliance) argues the Regulation is unlawful because part of its mandate conflicts with state and federal safety laws. Defendants, including the California Air Resources Board (Board), raised lack of subject matter jurisdiction under section 307(b)(1)[3] of the Act in both cases on appeal.[4]

The pertinent question is a discrete issue of statutory interpretation: whether section 307(b)(1) vests exclusive and original jurisdiction over these challenges to the Regulation incorporated into and approved as part of California's SIP in the Ninth Circuit Court of Appeals. We conclude it does and affirm the judgments for lack of jurisdiction.

---

[1] "Regulation to Reduce Emissions of Diesel Particulate Matter, Oxides of Nitrogen and Other Criteria Pollutants, from In-Use Heavy-Duty Diesel-Fueled Vehicles." (Cal. Code Regs., tit. 13, § 2025.)

[2] Alliance confusingly uses variations of its name in its briefing. We use the name identified in its notice of appeal.

[3] All subsequent references to section 307(b)(1) shall be to that section in the Act. Section 307(b)(1) is codified at section 7607(b)(1) of title 42 of the United States Code.

[4] While the *Alliance* defendants did not raise it in the trial court, lack of subject matter jurisdiction may be raised for the first time on appeal. (*People v. Lara* (2010) 48 Cal.4th 216, 225.)

GENERAL BACKGROUND

To assist in a better understanding of the factual and procedural background of these cases and the discussion that follows, we begin with the general background of the regulatory framework underlying the Act and its jurisdictional provisions.

I

*Regulatory Framework And Background*

The Act "sets forth a cooperative state-federal scheme for improving the nation's air quality." (*Vigil v. Leavitt* (9th Cir. 2004) 381 F.3d 826, 830.) The Agency establishes the national air quality standards and the states devise, adopt, and implement a SIP to satisfy those standards. (*Ibid.*) The Board is the state agency responsible for carrying out this federal mandate in California. (Health & Saf. Code, § 39602.) SIP's evolve over time to account for new national air quality standards and emissions reduction technologies. (See 42 U.S.C. § 7410(a)(2)(H).)

The Administrator is required to approve the state's SIP submission if it complies with the provisions of the Act and applicable federal regulations. (42 U.S.C. § 7410(k); 40 C.F.R. § 52.02(a) (2017).) Among other things, the SIP must contain "enforceable emission limitations and other control measures, means, or techniques . . . as well as schedules and timetables for compliance," and provide "necessary assurances that the State . . . will have adequate personnel, funding, and authority under State (and, as appropriate, local) law to carry out such implementation plan (and is not prohibited by any provision of Federal or State law from carrying out such implementation plan or portion thereof)." (42 U.S.C. § 7410(a)(2)(A), (E).)

In May 2011, the Board submitted the Regulation to the Agency for inclusion in California's SIP. (76 Fed.Reg. 40652, 40653 (July 11, 2011).) The Board had adopted the Regulation in 2008 to help California meet the national standards for fine particulate matter and ozone. (Cal. Code Regs., tit. 13, § 2025, subd. (a); *Dump Truck*, *supra*, 784 F.3d at p. 503.) The Regulation generally sets forth stated deadlines by which certain

4

diesel vehicles operating in California must be retrofitted with diesel particulate filters[5] or upgraded to newer model engines with those filters. (Cal. Code Regs., tit. 13, § 2025, subds. (b), (d)(18), (d)(35), (d)(60), (e)-(g); 76 Fed.Reg., *supra*, at pp. 40654-40655.) The filters are verified by the Board, as required by the Regulation, pursuant to the Verification Procedure,[6] which sets forth the procedures and requirements for manufacturers to obtain verification of their filters. (Cal. Code Regs., tit. 13, § 2025, subd. (d)(18), (d)(35), (d)(60) & §§ 2700-2711.)

On July 11, 2011, the Agency published a proposed rule to approve California's request to incorporate the Regulation and other regulations into its SIP. (76 Fed.Reg., *supra*, at p. 40652.) The Agency explained the requirements and key concepts of the Regulation, including the requirements relating to the filters verified pursuant to the Verification Procedure. (*Id*. at pp. 40654-40656.) As part of its analysis, the Agency discussed the enforceability of the Regulation and found the state has adequate legal authority to implement the regulations. (*Id*. at pp. 40658-40659.) It further determined it "kn[e]w of no obstacle under Federal or State law in [the Board's] ability to implement the regulations." (*Id*. at p. 40658.)

On April 4, 2012, the Agency issued its final rule approving the Board's SIP submission, noting it received no comments on its proposed rule. (77 Fed.Reg. 20308-20314 (Apr. 4, 2012).) The Regulation was incorporated into California's SIP by reference. (40 C.F.R. § 52.220(c)(410) (2017).) In the final rule notice, the Agency

---

[5] A diesel particulate filter is a highest level verified diesel emission control strategy (also known as "Highest level VDECS") to reduce diesel particulate emissions required by the Regulation for retrofitting pre-2007 engines. (Cal. Code Regs., tit. 13, § 2025, subds. (d)(18), (d)(35), (d)(60), (e)-(g).)

[6] "Verification Procedure, Warranty and In-Use Compliance Requirements for In-Use Strategies to Control Emissions from Diesel Engines." (Cal. Code Regs., tit. 13, §§ 2700-2711.)

reiterated the basis it used to evaluate the Regulation, including its determination that the state provided the necessary assurances required under the Act. (77 Fed.Reg., *supra*, at p. 20311.)

II

*The Jurisdictional Statute*

Section 307(b)(1) provides, in pertinent part: "A petition for review of the Administrator's action in approving or promulgating any implementation plan . . . or any other final action of the Administrator under this Act . . . which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit." (42 U.S.C. § 7607(b)(1).) The petition "shall be filed within sixty days from the date notice of such promulgation, approval, or action appears in the Federal Register, except that if such petition is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise." (*Ibid.*)

Section 307(b)(2) of the Act[7] states, in part, that an "[a]ction of the Administrator with respect to which review could have been obtained under paragraph (1) shall not be subject to judicial review in civil or criminal proceedings for enforcement." (42 U.S.C. § 7607(b)(2).) Further, section 307(e) of the Act[8] provides "[n]othing in this Act shall be construed to authorize judicial review of regulations or orders of the Administrator under this Act, except as provided in this section." (42 U.S.C. § 7607(e).)

---

[7] All subsequent references to section 307(b)(2) shall be to that section in the Act. Section 307(b)(2) is codified at section 7607(b)(2) of title 42 of the United States Code.

[8] All subsequent references to section 307(e) shall be to that section in the Act. Section 307(e) is codified at section 7607(e) of title 42 of the United States Code.

6

PROCEDURAL AND FACTUAL BACKGROUND

I

*Alliance*

Alliance promotes business interests throughout California.  Its membership includes truck owners and operators subject to the Regulation.  Alliance sued the Board and its chair, executive officer, and board members in Glenn County Superior Court claiming safety concerns with the installation and use of the filters.  After several law and motion rulings, Alliance's complaint was limited to a single cause of action for declaratory relief.

Alliance alleged the controversy concerns the "legality [of the Regulation], as designed, approved, and implemented by defendants," and that its members would suffer irreparable harm if the Regulation is implemented and enforced because they would be "forced to install an unproven, defective and dangerous technology, to wit the [filter] device" or suffer fines, penalties, and lost revenue due to the inability to operate their trucks in California.  In its request for relief, Alliance sought a declaration that the continued enforcement of the Regulation and Verification Procedure, in whole or in part, with respect to the filter requirement would place Alliance members "in the position of violating California public health and safety laws."  It further sought an injunction prohibiting enforcement of the Regulation and the Verification Procedure "in their entirety, or at least as to the current [filter] device requirements."

Defendants filed a motion for judgment on the pleadings on two grounds:  (1) the complaint failed to state facts sufficient to constitute a cause of action because subdivision (q)(5) of the Regulation provides a procedure by which an owner or operator of a diesel truck subject to the retrofit requirement may receive an exemption upon a showing that installation of a verified filter would violate state and federal health and safety laws; and (2) the court lacked jurisdiction because Alliance's members failed to

exhaust their administrative remedies under subdivision (q)(5) of the Regulation prior to filing suit.

The court granted defendants' motion, finding Alliance failed to state a legally sufficient cause of action because the Regulation and Verification Procedure, "by their express terms," negate the allegations in the complaint and do not place Alliance's members in the position of violating health and safety laws. The court further found the truck owners and operators could obtain an extension of the retrofit deadline following an administrative determination that the filter cannot be installed safely or that it violates health and safety laws.

The court entered judgment in favor of the defendants. Alliance appeals.

## II

### *Cody*

Cody is an out-of-state professional truck driver who was issued a citation in October 2014 for operating a truck in California without a filter, in violation of the Regulation. This is Cody's fourth legal proceeding arising out of the citation and his fourth attempt to invalidate the Regulation for violation of the dormant commerce clause. Having failed in his original choice of venue, federal district court and the Ninth Circuit, and then in Sacramento Superior Court, he now brings this matter before us on appeal.

### A

### *Federal Challenges*

In 2014, Cody joined a suit by the Owner-Operator Independent Drivers Association, Inc. (OOIDA) and individual truck owner-operators against the Board to invalidate the Regulation, filed in the Eastern District of California. (*OOIDA v. Corey* (E.D. Cal. July 9, 2015, No. 2:14-CV-00186-MCE-AC) 2015 WL 4164649.) OOIDA and the individual truck owner-operators asserted a facial challenge on dormant commerce clause grounds, and Cody asserted an "as-applied" challenge on the same grounds. The Board filed a motion to dismiss for lack of jurisdiction, arguing, among

8

other things, section 307(b)(1) vests exclusive jurisdiction over such claims in the Ninth Circuit and the case could not proceed absent joinder of the Agency, a necessary and indispensable party. (*OOIDA v. Corey*, *supra*, 2015 WL 4164649 at p. *5.)

The district court found the facial and as-applied challenges implicated the Agency's final action approving the Regulation as part of California's SIP and, therefore, under section 307(b)(1), the claims fell within the original and exclusive jurisdiction of the Ninth Circuit. (*OOIDA v. Corey*, *supra*, 2015 WL 4164649 at p. *5, incorporating *OOIDA v. Corey* (E.D. Cal. Oct. 29, 2014, No. 2:14-CV-00186-MCE-AC) 2014 WL 5486699 at pp. *5-*6.) While the court dismissed the facial challenge by OOIDA and the individual truck owner-operators, [9] it transferred Cody's as-applied claim to the Ninth Circuit instead of dismissing it. The court did so because it was unclear whether Cody's claim was time-barred by the 60-day limit in section 307(b)(1) (Cody filed his claim approximately 42 days after issuance of the citation), and "because the complicated interplay of state and federal law raised unique jurisdictional questions in this procedural posture." (*OOIDA v. Corey*, *supra*, 2015 WL 4164649 at p. *6.)

Following the transfer to the Ninth Circuit, the Board moved to dismiss the claim for lack of jurisdiction based on the 60-day statute of limitations in section 307(b)(1). The Board argued Cody's challenge existed when the Agency approved the Regulation as part of the SIP and Cody raised no facts indicating his claim was based solely on grounds arising after the 60-day time frame. The Agency joined in the action and filed a motion to dismiss as well.

---

[9]     OOIDA appealed the dismissal of its claims to the Ninth Circuit. The Ninth Circuit affirmed the district court's judgment because, " 'as a practical matter,' " the suit challenged the Administrator's final action in approving the Regulation as part of the SIP. (*OOIDA v. Corey* (9th Cir. 2017) 690 Fed.Appx. 479, 480.)

On January 27, 2016, the Ninth Circuit granted the motions to dismiss. The order did not include an opinion, but the court cited to section 307(b)(1) and its prior *Dump Truck* decision. In *Dump Truck*, the Ninth Circuit held that section 307(b)(1) vested exclusive jurisdiction over a constitutional preemption claim seeking to invalidate the Regulation (following its approval as part of the SIP) in the Ninth Circuit. (*Dump Truck*, *supra*, 784 F.3d at pp. 502-504.)

B

*State Challenges*

On June 23, 2015, while the district court case was pending, Cody filed a petition for writ of mandate and complaint for declaratory relief against the Board, the Board's chair and executive officer, and the secretary for environmental protection in the California Environmental Protection Agency in Sacramento County Superior Court.[10] Cody's petition again challenged the October 7, 2014, Board citation. Cody had previously appealed the citation to the Board, requesting a hearing to introduce evidence that the citation was unconstitutional. The Board responded that the citation was issued correctly and the regulation "has been approved and is the law of the land in California." The Board further stated that "all citations issued are within the authority vested by the [Agency]."

Cody alleged the Regulation violates the dormant commerce clause because it disproportionately burdens out-of-state truckers and improperly regulates interstate commerce. He requested an order declaring the Regulation unconstitutional "on its face and/or as applied" and prohibiting the Board from enforcing the Regulation against him and "other similarly situated interstate truck owner-operators." Defendants filed a motion for judgment on the pleadings for lack of jurisdiction, asserting the Ninth Circuit has

---

**10**    Cody was not "haled into state court for a violation of state law," as he asserts. Cody is the plaintiff.

exclusive jurisdiction over Cody's claims under section 307(b)(1). Cody opposed the motion, arguing state court jurisdiction was appropriate because he was asserting the constitutional claim as a defense to prosecution.

The trial court agreed with the defendants and granted the motion. Relying on *Dump Truck*, the court explained that, "[d]ue to the [Agency's] approval of the Regulation as part of California's SIP, [Cody's] complaint effectively challenges the validity of the SIP, and therefore is the type of action to which section 307(b)(1) of the [Act] applies." Cody appeals.

## DISCUSSION

### I

### *Standard Of Review*

The lack of subject matter jurisdiction cannot be waived and may be raised at any time, even for the first time on appeal. (*People v. Lara*, *supra*, 48 Cal.4th at p. 225; *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 372.) Where the evidence is undisputed, subject matter jurisdiction is a legal question subject to de novo review. (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 42.) Additionally, statutory interpretation is a question of law subject to de novo review. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311.)

### II

### *The Ninth Circuit Has Exclusive Jurisdiction Over These Cases*

### A

### *Where Section 307(b)(1) Applies, It Confers Exclusive Jurisdiction*

The initial question is whether section 307(b)(1) grants the federal circuit courts of appeals original and exclusive jurisdiction over the actions enumerated therein. It does.

State courts are generally presumed to have concurrent jurisdiction with federal courts, subject to the limitations of the supremacy clause of the United States Constitution. (*Burt v. Titlow* (2013) 571 U.S. 12, 19 [187 L.Ed.2d 348, 355].) This

11

"presumption arises when the jurisdictional provision in question is silent as to the jurisdiction of state courts." (*Kingston Constructors, Inc. v. Washington Metropolitan Area Transit Authority* (1997) 14 Cal.4th 939, 948, italics omitted.) "Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly." (*Gulf Offshore Co. v. Mobil Oil Corp.* (1981) 453 U.S. 473, 478 [69 L.Ed.2d 784, 791].) Thus, where the presumption arises, it "can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." (*Ibid.*)

While section 307(b)(1) is silent regarding the jurisdiction of state courts, the express language of the statute rebuts the presumption of concurrent jurisdiction. As in any case of statutory interpretation, we look to the words Congress used and give them their usual and ordinary meaning. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.)

Here, the statute provides that the Administrator's approval of a SIP submission "may be filed *only in* the United States Court of Appeals for the [appropriate circuit]." (42 U.S.C. § 7607(b)(1), italics added.) "Only" means "solely" or "exclusively." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 867; cf. *Mims v. Arrow Financial Servs., LLC* (2012) 565 U.S. 368, 380 [181 L.Ed.2d 881, 895] [state jurisdiction not exclusive because statute did not provide action could be brought " 'only' in state court, or 'exclusively' in state court"].) Further, section 307(e) explicitly precludes judicial review except as provided in the Act. (42 U.S.C. § 7607(e).) Thus, by the plain language of the statute, federal courts of appeals have original and exclusive jurisdiction over challenges to the Agency's actions enumerated in the statute.

Our conclusion is supported by the Supreme Court's interpretation of an analogous jurisdictional statute -- section 509(b)(1) of the federal Clean Water Act. Section 509(b)(1) of the Clean Water Act provides that challenges to seven categories of Agency action "may be had by any interested person in the Circuit Court of Appeals of

12

the United States for the Federal judicial district in which such person resides or transacts business which is directly affected by such action upon application by such person."[11] (33 U.S.C. § 1369(b)(1).)  The Supreme Court found this jurisdictional statute vests original and exclusive jurisdiction over challenges to the seven categories of Agency action in the federal courts of appeals.  (*Nat'l Ass'n of Mfrs. v. DOD* (2018) ___ U.S. ___ [199 L.Ed.2d 501, 512], citing *Decker v. Northwest Environmental Defense Center* (2013) 568 U.S. 597, 608 [185 L.Ed.2d 447, 458].)  The directive found in section 307(b)(1) is even more explicit than the directive in section 509(b)(1) of the Clean Water Act, because it contains the "only in" language.

B

*The Cases Fall Within Section 307(b)(1)'s Jurisdictional Mandate*

We next evaluate whether Cody's and Alliance's claims are of the type Congress intended to channel to the federal courts of appeals.  Relying on the sound principles of statutory interpretation, we find they are subject to the jurisdictional mandate.  The Act's comprehensive enforcement structure and unambiguous text, combined with Congress's clear concern with channeling and streamlining challenges to approved SIP submissions in one jurisdiction, establishes a " 'fairly discernable' " intent to preclude state court review in these cases.  (*Thunder Basin Coal Co. v. Reich* (1994) 510 U.S. 200, 216 [127 L.Ed.2d 29, 43].)[12]

---

**11**     Notably, section 307(b)(2) and section 509(b)(2) of the Clean Water Act have identical preclusion-of-review provisions, which mandate that any agency action reviewable under their respective preceding subdivisions (b)(1) "shall not be subject to judicial review in any civil or criminal proceeding for enforcement."  (42 U.S.C. § 3607(b)(2); 33 U.S.C. § 1369(b)(2).)

**12**     Notably, where it is unclear whether review jurisdiction falls within the statute's exclusive jurisdiction, ambiguity is resolved in favor of the jurisdictional mandate. (*General Elec. Uranium v. Dept. of Energy* (D.C. Cir. 1985) 764 F.2d 896, 903.)

13

Cody and Alliance argue the jurisdictional mandate does not apply because they are challenging the validity and enforceability of the Regulation as a matter of state law -- not the SIP or the Agency's approval of the Regulation as part of the SIP. However, semantics do not inform our jurisdictional inquiry. Our analysis turns on the *effect* of their requested relief[13] and not on how Cody and Alliance chose to *frame* their challenges to the Regulation. Otherwise creative lawyering could override congressional intent, a result not permitted by law.

We agree with all pertinent federal appellate decisions that the scope of section 307(b)(1)'s jurisdictional requirement "extends to claims that, *as a practical matter*, challenge an [Agency's] final action, including its approval of a SIP." (*Dump Truck*, *supra*, 784 F.3d at p. 507, italics added; *U.S. v. Ford Motor Co.* (6th Cir. 1987) 814 F.2d 1099, 1103 [invalidation of SIP may only occur in federal appellate courts]; *Com. of VA. v. U.S.* (4th Cir. 1996) 74 F.3d 517, 522 [plaintiff could not circumvent direct review in federal appellate court by framing its complaint as a constitutional challenge to the Act]; *State of MO. v. U.S.* (8th Cir. 1997) 109 F.3d 440, 441 [same].) Section "307(b)(1) channels review of final [Agency] action exclusively to the courts of appeals, regardless of how the grounds for review are framed." (*Com. of VA.*, at p. 523.)

We find *Dump Truck* particularly persuasive because like Cody's and Alliance's requests for relief here, the plaintiff in that case sought to render the Regulation invalid and unenforceable. The *Dump Truck* plaintiff sought such relief on the basis that the Regulation was preempted by the Federal Aviation Administration Authorization Act and thus violated the supremacy clause of the United States Constitution. (*Dump Truck*,

---

[13]     In evaluating subject matter jurisdiction, we focus on the claims for relief in the context of the allegations in the complaint. (2 Lambden at al., Cal. Civ. Practice (2008) Jurisdictional Effect, § 8:3, citing 2 Witkin, Cal. Procedure (4th ed.) Jurisdiction, §§ 22 to 31 ["The demand for relief is also used, in conjunction with the rest of the complaint, to determine whether an action has been filed in the appropriate jurisdiction"].)

14

*supra*, 784 F.3d at p. 503.)  The plaintiff raised the same argument Cody and Alliance asserts here:  "because it [wa]s challenging only the Regulation and not the SIP, § 307(b)(1) [did] not apply."  (*Dump Truck*, at p. 505.)  The Ninth Circuit disagreed.

The Ninth Circuit reviewed the scope of section 307(b)(1) and, relying on, among other cases, *Com. of VA.*, and *State of MO.*, determined the plaintiff's suit, "as a practical matter, challenge[d] the [Agency's] approval of a provision of California's SIP," subjecting it to the jurisdictional mandate.  (*Dump Truck*, *supra*, 784 F.3d at pp. 505-507.)  The court explained that "the SIP's effectiveness in attaining the [Agency's national air quality standards] is directly tied to its enforcement by [the Board], and would be vitiated if such enforcement were enjoined."  (*Id.* at p. 508.)  Moreover, the constitutional claim "effectively challeng[ed] the [Agency's] determination that federal law does not prohibit the Regulation."  (*Id.* at p. 507.)  Thus, "the practical, and therefore legal, effect of the [plaintiff]'s suit [wa]s to challenge both the [Agency] and the SIP."  (*Ibid*.)  Accordingly, the plaintiff's suit had to be brought in the Ninth Circuit.

The *Dump Truck* decision and analysis are well-grounded in statutory interpretation, logic, and policy.  We cannot divorce the Regulation from the Agency's SIP approval; the Regulation and SIP are inextricably intertwined.  As a practical matter, if a California court invalidates the Regulation on substantive grounds, it would amount to an implicit repeal of the Agency's approved SIP because the Regulation is incorporated into the SIP by reference only.  (40 C.F.R. § 52.220(c)(410).)  Such a repeal would invalidate the Administrator's approval of California's SIP in state superior court rather than federal appellate court, rendering section 307(b)(1)'s exclusive jurisdiction mandate superfluous.  We avoid statutory constructions that render words, phrases, or clauses superfluous.  (*Klein v. United States of America* (2010) 50 Cal.4th 68, 80-81.)

Further, by seeking to enjoin the Board from enforcing the Regulation, Cody and Alliance are practically challenging the Agency's approval of the Regulation because the Board is enforcing the Regulation under the authority conferred upon it by the Act and

the Administrator's approval of the Regulation as part of the SIP. (76 Fed.Reg., *supra*, at pp. 40658-40659; *Bayview Hunters v. Metropolitan Transp.*, *supra*, 366 F.3d at p. 695.) Indeed, in response to Cody's appeal of the citation, the Board responded, "all citations issued are within the authority vested by the [Agency]." Accordingly, we again cannot divorce the Board's enforcement of the Regulation from its enforcement of the SIP.

To distinguish *Dump Truck*, the plaintiffs focus on the substance of their claims. Alliance argues section 307(b)(1) does not apply to state law claims. Cody argues his constitutional challenge does not implicate section 307(b)(1) because the Agency did not expressly opine on the commerce clause implications of the Regulation in its rulemaking, as compared to its express consideration of the preemption argument raised in *Dump Truck*. We are not persuaded. Section 307(b)(1) does not distinguish between or discuss the substantive grounds upon which a claim is jurisdictional. (See *State of MO. v. U.S.*, *supra*, 109 F.3d at p. 441 [the Act "makes no distinction between constitutional challenges and other challenges"].) Rather, section 307(b)(1) focuses on the effect of the claim. We do not insert what has been omitted or omit what has been inserted in a statute. (Code Civ. Proc., § 1858.) The substantive claims here directly challenge the Administrator's determination that the state has adequate legal authority to implement the regulations, triggering section 307(b)(1). (76 Fed.Reg., *supra*, at pp. 40658-40659.)

Moreover, exclusive jurisdiction to review administrative determinations includes jurisdiction over related legal issues pertaining to those decisions. (*Palumbo v. Waste Technologies Industries* (4th Cir. 1993) 989 F.2d 156, 161; *Connors v. Amax Coal Co., Inc.* (7th Cir. 1988) 858 F.2d 1226, 1231; accord *Media Access Project v. FCC* (D.C. Cir. 1989) 883 F.2d 1063, 1067-1068.) Even though the Agency did not expressly address the safety laws raised by Alliance or the commerce clause argument raised by Cody, such legal issues are surely related to the Agency's determination regarding enforceability and

16

adequate legal authority.  Thus, such legal issues fall within the exclusive jurisdiction of the Ninth Circuit.

Our conclusion also furthers congressional intent.  Our primary task in statutory interpretation "is to determine [Congress's] intent, giving effect to the law's purpose." (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037.)  We construe the language in the context of the entire statutory frame work, with consideration given to the policies and purposes of the statute.  (*Jones v. Superior Court* (2016) 246 Cal.App.4th 390, 397.)

The policies and purposes underlying the exclusive jurisdiction mandate of section 307(b)(1) are expediency and finality.  "Congress wanted speedy review of [Agency] rules and final actions in a single court."  (*Com. of VA. v. U.S.*, *supra*, 74 F.3d at p. 525; see *Harrison v. PPG Industries, Inc.* (1980) 446 U.S. 578, 593 [64 L.Ed.2d 525, 538]  ["The most obvious advantage of direct review by a court of appeals is the time saved compared to review by a district court, followed by a second review on appeal"].)  As our Supreme Court noted, exclusive federal jurisdiction also serves the distinct goal of promoting uniformity in the interpretation and application of those laws to which it applies.  (*Cianci v. Superior Court* (1985) 40 Cal.3d 903, 913.)

Allowing Cody and Alliance to proceed with their cases in state court would undermine these policy objectives.  The cases would proceed in different venues in state superior court and would then be subject to appeal in the court of appeal and possibly our Supreme Court.  At the same time, others could pursue similar challenges to the Regulation in other state venues and in the Ninth Circuit (in accordance with *Dump Truck*), creating substantial potential for inconsistent judgments.  As the Ninth Circuit explained in *Dump Truck*:  "This would frustrate Congress's goal of having prompt and final review of decisions regarding SIPs."  (*Dump Truck*, *supra*, 784 F.3d at p. 511.)  It would also undercut a major basis for the Act's jurisdictional scheme:  " 'the concern for

17

judicial economy; *to wit*, the risk of duplicative or piecemeal litigation, and the risk of contradictory decisions.' " (*Com. of VA. v. U.S.*, *supra*, 74 F.3d at p. 525.)

These concerns are amplified by the Agency's absence in these cases. The pending litigation would decide whether the Agency-approved Regulation violates the federal Constitution and state and federal safety laws, and whether the SIP's primary enforcement mechanism is, in fact, unenforceable. Thus, the Agency certainly has a concrete interest in the lawsuits and its rights could be affected by a judgment in either case. However, Congress did not waive the Agency's sovereign immunity and, therefore, it cannot be joined as a party to these state court actions. (See *United States v. Nordic Village* (1992) 503 U.S. 30, 33-34 [117 L.Ed.2d 181, 187-188].) Applying section 307(b)(1) to state challenges to the Administrator's SIP determinations under the Act ensures the Agency's interests and rights are protected because such challenges would be brought in federal court where the Agency may be joined.

We find none of Cody's or Alliance's remaining arguments availing. First, Alliance attempts to distinguish its claims from those in *Dump Truck* by arguing it is not seeking to "completely" invalidate the Regulation, but merely challenging "*how* the regulation is implemented by [the Board] and to the narrow issue of why the verified [filter] devices, at this time, have proven to be unsafe, and therefore conflict with other public safety laws; as such, members of the Alliance should not be mandated to employ the [filter] technology." This argument belies the allegations in its complaint and appellate opening brief, wherein Alliance requests a declaration that the Regulation is invalid and unenforceable in whole or in part.

Cody and Alliance, like the plaintiff in *Dump Truck*, also rely on *Sierra Club v. Indiana-Kentucky Elec. Corp.* (7th Cir. 1983) 716 F.2d 1145 for the proposition that a challenge to a SIP-approved state regulation is not confined to exclusive jurisdiction in the federal courts of appeals. (*Dump Truck*, *supra*, 784 F.3d at p. 509.) As the Ninth Circuit pointed out, while *Sierra Club* stands for this proposition, it does so in a very

18

narrow context relating to procedural challenges on state law grounds, which was not at issue in *Dump Truck* and is not at issue here. (*Dump Truck*, at p. 509.) The Seventh Circuit explained the narrowness of its determination, stating that "[o]nce a plan is adopted by the state and it *withstands any subsequent procedural challenge*, then § [307(b)(1)] provides that invalidation may occur only in the federal appellate courts." (*Sierra Club*, at p. 1152.) Accordingly, *Sierra Club* supports our conclusion here.

The feasibility and waiver cases upon which Cody relies are also inapplicable. The Administrator is not required to consider economic or technologic feasibility when approving a SIP. (*Indiana & Mich. Elec. Co. v. Environmental Pro. Agcy.* (7th Cir. 1975) 509 F.2d 839, 843-844; *Buckeye Power, Inc. v. Environmental Protection Agcy.* (6th Cir. 1973) 481 F.2d 162, 173 ["petitioners are not entitled to raise their claims of high cost-benefit, technological infeasibility and resource unavailability prior to the Administrator's approval of the state plans"].) Therefore, because feasibility claims do not fall within the jurisdiction of section 307(b)(1), they are not subject to the preclusion-of-review provision of section 307(b)(2) and may be asserted as a defense in federal or state enforcement proceedings. (*Indiana & Mich. Elec. Co.*, at p. 844; *Buckeye Power, Inc.*, at p. 173.) In contrast to the feasibility cases, the Regulation's enforceability and the Board's legal authority to implement the Regulation are express factors applicable to the SIP approval process, and thus claims are subject to section 307(b)(1) and section 307(b)(2).[14] (42 U.S.C. § 7410(a)(2)(A), (E).)

---

[14] The legal authority of the state under the federal Constitution and state law to implement the SIP is frequently expressly discussed by the Administrator during the SIP approval process. (See 76 Fed.Reg., *supra*, at p. 40658 [preemption does not present an obstacle to the implementation of the Regulation by California]; *Ass'n. of Irritated Residents v. United States EPA* (9th Cir. 2015) 790 F.3d 934 [addressing mistaken approval of rules in conflict of state law as part of California's SIP]; 68 Fed.Reg. 37746, 37747 (June 25, 2003) [disapproved regulation of certain facilities because the facilities were exempt from such obligations under a state statute].)

19

The "waiver" cases (*Motor and Equipment Mfrs. Ass'n, Inc. v. E. P. A.* (D.C. Cir. 1979) 627 F.2d 1095; *Am. Trucking Ass'ns v. EPA* (D.C. Cir. 2010) 600 F.3d 624) do not arise within the context of SIP approvals either. Section 209 of the Act "requires the [Administrator] to waive federal preemption of motor vehicle emission control regulations for the State of California unless he makes certain findings that a waiver is inappropriate." (*Motor and Equipment Mfrs. Ass'n, Inc.*, at p. 1100.) Challenges to the Administrator's waiver decision are brought pursuant to the federal Administrative Procedure Act (5 U.S.C. § 551 et seq.) and not section 307(b)(1). (*Motor and Equipment Mfrs. Ass'n, Inc.*, at pp. 1105-1106.) Therefore, the waiver cases do not inform our interpretation of section 307(b)(1).

Finally, our interpretation does not violate due process, as Cody contends. Cody argues it is "a fundamental principle of administrative law" that he be permitted to raise his constitutional challenge as a defense in the Board's enforcement proceeding. He hyperbolically asserts "the trial court gave away, wholesale, the authority of every Superior Court judge in this state to vindicate the basic right to defend oneself in civil or criminal enforcement proceedings." The trial court did not draft the statute, it merely applied it. Because Cody's constitutional challenge was subject to review under section 307(b)(1), the express preclusion-of-review provision of section 307(b)(2) applies. (42 U.S.C. § 7607(b)(2) [any "[a]ction of the Administrator with respect to which review could have been obtained under paragraph (1) shall not be subject to judicial review in civil or criminal proceedings for enforcement"].)

This preclusion-of-review provision does not foreclose all meaningful judicial review. Section 307(b)(1) expressly provides that an action may be brought more than 60 days after the SIP's approval if it "is based solely on grounds arising after such sixtieth day." (42 U.S.C. § 7607(b)(1).) "[R]estricting judicial review of [an] administrative determination to a single court" does not offend due process "so long as it affords to those affected a reasonable opportunity to be heard and present evidence." (*Yakus v.*

20

*United States* (1944) 321 U.S. 414, 433 [88 L.Ed. 834, 853].) Cody had his day in court when the Ninth Circuit considered whether his constitutional claim was subject to the 60-day statute of limitations. The Ninth Circuit found it was. An appeal from that decision does not lie in state court.

C

*Alliance's Verification Procedure Allegations Do Not Independently*
*Support Its Declaratory Relief Cause Of Action*

Alliance acknowledges the Verification Procedure imposes no requirements on truck drivers; it merely imposes requirements on manufacturers seeking to verify their filters under the Regulation. It claims, however, the Verification Procedure impacts truck drivers because the Verification Procedure conflicts with public safety laws and truck drivers are then required under the Regulation to install unsafe verified filters.

A declaratory relief action requires an actual controversy relating to the legal rights and duties of the respective parties. (Code Civ. Proc., § 1060.) Alliance's alleged controversy flows from the Regulation, not from the Verified Procedure. But for the Regulation, there would be no controversy to support a declaratory relief cause of action relating to the Verification Procedure because: (1) the Verification Procedure does not impose *any* requirements on Alliance or its members (i.e., truck drivers) (Cal. Code Regs., tit. 13, §§ 2700-2711); and (2) Alliance's claims regarding the Verification Procedure relates to the Verification Procedure "as a critical component of effective implementation of the [Regulation]." Therefore, Alliance's allegations regarding the Verification Procedure merely support its challenge to the Regulation, and are not independent grounds to give rise to a declaratory relief cause of action.

Moreover, the Agency approved the Regulation's requirements that the filters be verified pursuant to the Verification Procedure as part of its SIP approval. (76 Fed.Reg., *supra*, at p. 40654.) Therefore, a challenge to this requirement in the Regulation is subject to the jurisdictional mandate of section 307(b)(1) as well.

21

DISPOSITION

The judgments are affirmed for lack of subject matter jurisdiction.  Respondents shall recover their respective costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

/s/

Robie, J.


We concur:


/s/

Raye, P. J.


/s/

Duarte, J.

22