Filed 5/1/23 Bynum v. Siskiyou County Board of Supervisors CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| LAURA BYNUM, as County Clerk and Registrar of Voters, etc., | C095590 |
| Plaintiff and Respondent, | (Super. Ct. No. SC CV PT 19-1537) |
| v. | |
| SISKIYOU COUNTY BOARD OF SUPERVISORS, | |
| Defendant; | |
| KIMBERLY OLSON, | |
| Real Party in Interest and Appellant. | |

Appellant Kimberly Olson appeals the trial court's order denying her motion to strike respondent Laura Bynum's petition for writ of mandamus and complaint for declaratory relief as a strategic lawsuit against public participation (SLAPP). The trial court concluded that the petition arose from a false statement and therefore fell outside of anti-SLAPP protection. We agree with the trial court and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

This case stems from Olson's attempt to run for local office. On November 14, 2019, Olson submitted a signed declaration of candidacy for the office of director of the Hornbrook Community Services District for the March 3, 2020, election. In the candidacy declaration, she affirmed she had not been convicted of a felony involving the theft of public money. Bynum, the official charged with the duty of conducting elections in Siskiyou County, accepted the candidacy declaration and placed Olson on the candidate list. Bynum later received confirmation that Olson had been convicted of three felonies. Bynum determined those felonies made Olson ineligible for an elected office under Elections Code section 20, which Bynum asserted prohibits a person from being considered a candidate for local elective office if the person has been convicted of a felony involving certain crimes, including theft of public money.[1]

On December 23, 2019, Bynum sought mandamus relief under Elections Code section 13314,[2] naming Olson as the real party in interest and seeking to prevent Olson's placement on the ballot. Following removal to federal court, remand back to state court, and denial of Olson's motion to quash summons,[3] Bynum filed a first amended petition

---

[1] We deny Bynum's request for judicial notice of court documents concerning Olson's vexatious litigant status, Olson's other local elective office candidacy paperwork, and local elective office candidate lists from 2013 to 2017. These documents are immaterial to our resolution of this appeal. (See *Superior Court v. County of Mendocino* (1996) 13 Cal.4th 45, 59, fn. 7 (*Mendocino*) [denying judicial notice of irrelevant material].)

[2] We grant Olson's request for judicial notice of Elections Code sections 13313 and 13314. (Evid. Code, § 451, subd. (a).)

[3] Olson argues the remand from federal court was ineffective to return jurisdiction to the state court because it was preceded by Bynum's voluntary dismissal of the action. As discussed *post*, in footnote 7, we need not address this argument. We therefore deny as irrelevant Olson's request for judicial notice of the local rules of United States District

for mandamus relief and complaint for declaratory relief. Two months later, following another failed motion to quash summons, Olson filed a special motion to strike the petition as a SLAPP. The trial court denied the motion on the grounds that the protected activity at issue constituted perjury and was illegal as a matter of law and therefore not protected by a special motion to strike. Olson filed a timely notice of appeal.

DISCUSSION

A SLAPP is a "meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815, fn. 2 (*Wilcox*), disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.) In response to the threat such lawsuits posed to the important public policy of open and free participation in the democratic process, the Legislature adopted Code of Civil Procedure section 425.16 (section 425.16). (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 271.) That section (which is generally referred to as the "anti-SLAPP statute" and a motion thereunder as an "anti-SLAPP motion") sets out a procedure for striking complaints brought to challenge the exercise of constitutionally protected free speech rights. (*Muddy Waters, LLC v. Superior Court* (2021) 62 Cal.App.5th 905, 916.) " 'The anti-SLAPP statute does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity. Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019)

Court for the Eastern District of California and of the docket of the case from the federal court. (See *Mendocino*, *supra*, 13 Cal.4th at p. 59, fn. 7.)

3

6 Cal.5th 931, 940.) If the defendant does not make the required showing, the anti-SLAPP motion must be denied, and the plaintiff is entitled to continue to litigate the cause of action. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 314 (*Flatley*).) " 'We review de novo the grant or denial of an anti-SLAPP motion.' " (*Sweetwater*, at p. 940; see *Spencer v. Mowat* (2020) 46 Cal.App.5th 1024, 1036.) "In other words, we employ the same two-pronged procedure as the trial court in determining whether the anti-SLAPP motion was properly granted." (*Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1652.)

The first part of the two-part test in an anti-SLAPP motion requires the defendant to show the plaintiff's action arises from the defendant's constitutionally protected petitioning or free speech activities in connection with a public issue. (*Wilcox*, *supra*, 27 Cal.App.4th at p. 820.) The parties agree that the petition arises from Olson's submission of her candidacy declaration. They also agree that, as a general matter, such a submission constitutes protected activity for purposes of section 425.16. However, the parties disagree on two points: (1) whether Olson's submission is illegal as a matter of law and therefore falls outside section 425.16 protection and (2) whether the petition arises from other conduct that is also protected by section 425.16.

The first point of disagreement involves a narrow but important exception to the protections of section 425.16. The anti-SLAPP statute "cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Flatley*, *supra*, 39 Cal.4th at p. 317.) In addition, the litigation privilege set forth in Civil Code section 47 does not bring illegal conduct within the scope of section 425.16. (*Flatley*, at p. 325.) To fall within this exception, (1) the illegal conduct must be criminal and (2) either the defendant must concede the illegality, or the evidence must conclusively demonstrate it. (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 424; *Mendoza v. ADP Screening & Selection Services, Inc., supra*, 182 Cal.App.4th at p. 1654.) If the

4

plaintiff claims that the defendant's speech or petitioning activity is illegal under this standard, the plaintiff bears the burden of conclusively proving the illegal conduct. (*Cross v. Cooper* (2011) 197 Cal.App.4th 357, 385.)

The trial court concluded that Olson could not establish the petition arose from protected activity because that activity took the form of a false statement made under penalty of perjury. Olson claims the trial court erred on the grounds that Bynum's allegations regarding the criminal act were conclusory and lacking evidentiary support as to whether Olson acted knowingly. We disagree with Olson.

Elections Code section 18203 makes it unlawful to file or submit a nomination paper or declaration of candidacy knowing that any part of it has been made falsely and makes a violation of its provisions a crime. Bynum offered the following evidence in support of her opposition to the anti-SLAPP motion: (1) Olson's declaration of candidacy from 2019 in which Olson affirmed by signature that she had "not been convicted of a felony involving . . . theft of public money" and (2) verdicts out of Placer County Superior Court from January 13, 2000, finding Olson guilty of public benefits fraud and finding true the special allegation that Olson took funds and property of a value exceeding $50,000. More specifically, the records show that Olson was convicted of felonies for violating Welfare and Institutions Code sections 10980, subdivision (c)(2) (fraud to obtain aid over specified dollar amount), 14014 (false declarations as to eligibility), and 11054[4] (false eligibility statement), and that she unsuccessfully attempted to expunge and reduce those felonies to misdemeanors. This evidence is sufficient to conclusively establish that Olson was convicted of a felony involving theft of public

---

[4]    This section was improperly cited in the record as Welfare and Institutions Code section 11540.

money, that Olson's statement to the contrary on her candidacy declaration was false, and that Olson thereby violated Elections Code section 18203.[5]

Olson's assertion that Bynum's evidence fails to show that Olson acted *knowingly* for purposes of Election Code section 18203 lacks merit. The word "knowingly" in section 18203 "imports only a knowledge that the facts exist which bring the act or omission within the provisions of [the] code. It does not require any knowledge of the unlawfulness of such act or omission." (Pen. Code, § 7, subd. (5); see *People v. Wetherell* (2014) 223 Cal.App.4th Supp. 12, 18 [Elec. Code, § 18203 involves only general criminal intent].) Such general criminal intent requires no further mental state beyond a willing commission of the proscribed act. (*People v. Sargent* (1999) 19 Cal.4th 1206, 1215.) The evidence showed Olson knew she had been convicted of a felony involving theft of money from a government entity and then falsely affirmed the contrary. This shows knowledge.

Olson also asserts that the trial court erroneously ignored her objections to Bynum's evidence. But Olson's failure to request a ruling from the trial court on written evidentiary objections forfeits the issue for appeal. (See *Flatley*, *supra*, 39 Cal.4th at pp. 306-307, fn. 4.)

The second point of disagreement between the parties is whether the petition stems from other activity that triggers the protections of the anti-SLAPP statute. On this point, Olson argues the petition also arises from the following acts: (1) a written communication she sent to Bynum regarding Olson's removal from the ballot; (2) the tort claim notice she filed with the Siskiyou County Board of Supervisors concerning that removal; and (3) the lawsuit Olson filed in federal court against Bynum and others

---

[5]     We do not address whether the general crime of perjury falls outside the protections of the anti-SLAPP statute. Our conclusion is limited to the narrow facts presented here involving a declaration of candidacy for public office in which the declarant falsely affirmed a lack of disqualifying criminal convictions.

vis-à-vis the same. Olson's argument falters. The acts she cites all arise from the same activity—Olson's false candidacy declaration. We reject Olson's attempt to find harbor under section 425.16 through activities that stem from her criminal act.

Because we conclude that the petition arises from activity unprotected by section 425.16, we need not proceed to the second step of the anti-SLAPP analysis, which involves determining whether Bynum demonstrated a probability of prevailing on the petition. As a result, there is no need to address Olson's argument that Bynum will be unable to prevail on the merits,[6] including on the grounds that the trial court lacks subject matter jurisdiction[7] (see *Barry v. State Bar of California* (2017) 2 Cal.5th 318, 326 [court may determine plaintiff has no probability of prevailing under § 425.16 where the court lacks subject matter jurisdiction to rule on plaintiff's claims]) or because the litigation privilege poses a barrier to Bynum's claims (*Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 288 [litigation privilege is a defense that may be considered with respect to the second prong of anti-SLAPP analysis]).

---

[6]     As a result, we deny Olson's request for judicial notice of the legislative history of Elections Code section 20. (See *Mendocino*, *supra*, 13 Cal.4th at p. 59, fn. 7.)

[7]     While subject matter jurisdiction is appealable at any time (*Alliance for California Business v. State Air Resources Bd.* (2018) 23 Cal.App.5th 1050, 1060), the appeal must be from an appealable order (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; Code Civ. Proc., § 904.1). This appeal is not a timely petition for writ review of the trial court's denial of Olson's motions to quash service of summons (see Code Civ. Proc., § 418.10, subd. (c)), Olson does not present any other appealable order that would allow us to reach the issue of subject matter jurisdiction, and we decline to treat Olson's argument on subject matter jurisdiction as a petition for extraordinary writ of mandate (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 [treating appeal of nonappealable order as petition for writ of mandate should be exercised only in unusual circumstances]).

DISPOSITION

The trial court's order is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/_____
MESIWALA, J.



We concur:



/s/_____
DUARTE, Acting P. J.



/s/_____
BOULWARE EURIE, J.