Filed 8/3/21  Alliance for Cal. Business v. State Air Resources Bd. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALLIANCE FOR CALIFORNIA BUSINESS et al., | C088780 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2016-80002491-CU-WM-GDS) |
| v. | |
| STATE AIR RESOURCES BOARD et al., | |
| Defendants and Respondents. | |

In *Alliance for California Business v. State Air Resources Bd.* (2018) 23 Cal.App.5th 1050 (*Alliance*), this Court held that only the Ninth Circuit Court of Appeals has jurisdiction to consider legal challenges to a regulation requiring heavy trucks and machinery in California to comply with diesel particulate filter requirements.[1]  (*Id.* at

---

[1]  "Regulation to Reduce Emissions of Diesel Particulate Matter, Oxides of Nitrogen and Other Criteria Pollutants, from In-Use Heavy-Duty Diesel-Fueled Vehicles."  (Cal. Code Regs., tit. 13, § 2025.)  We refer to this as the Regulation.

1

pp. 1061-1062.) A diesel particulate filter "is a highest level verified diesel emission control strategy (also known as 'Highest level VDECS') to reduce diesel particulate emissions required by the Regulation for retrofitting pre-2007 engines." (*Id.* at p. 1055, fn. 5, citing Cal. Code Regs., tit. 13, § 2025, subds. (d)(18), (35), (60), (e)-(g).) *Alliance* affirmed the dismissal of an action filed in Glenn County Superior Court by the Alliance for California Business (Alliance)[2] to challenge the " 'legality [of the Regulation], as designed, approved, and implemented by defendants.' "[3] (*Alliance,* at p. 1057.) *Alliance* centered on the argument that Alliance's "members would suffer irreparable harm if the Regulation is implemented and enforced because they would be 'forced to install an unproven, defective and dangerous technology, to wit the [diesel particulate filter] device' or suffer fines, penalties, and lost revenue due to the inability to operate their trucks in California." (*Ibid.*)

This case was pending in Sacramento Superior Court when the decision in *Alliance* issued. With the benefit of guidance in *Alliance*, the trial court in this case determined that it lacked subject matter jurisdiction to adjudicate claims that the Board

---

[2]    Alliance is a plaintiff both in *Alliance* and this case.

In this case, additional plaintiffs in the trial court were Associated California Loggers, California Groundwater Association, Mobile Crane Operator's Group, Inc., Bud Caldwell, Jim Paiva, Richard McGowan, Tony Hobbs, and Jason Daniels. Hobbs is deceased and not a party to this appeal. We refer to these plaintiffs (minus Hobbs) as the individual plaintiffs.

[3]    Defendants in *Alliance* included the State Air Resources Board. (*Alliance, supra,* 23 Cal.App.5th at p. 1054.) Defendants in this case also include Richard Corey (in his personal capacity & as executive officer of the Board), and Mary D. Nichols (in her personal capacity & as chair of the Board). We refer to the State Air Resources Board, Corey, and Nichols collectively as the Board.

Additional defendants in this case are the Transportation Agency, Department of Motor Vehicles, and the Department of Industrial Relations Division of Occupational Safety and Health. We refer to these additional defendants as the non-Board defendants.

improperly implemented the Regulation. The trial court also determined that the statute of limitations and failure to exhaust administrative remedies barred the single cause of action advanced by the individual plaintiffs.

On appeal, plaintiffs contend (1) the trial court erred in determining that it lacked jurisdiction to adjudicate Alliance's claims, (2) the individual plaintiffs' claims were timely filed and properly exhausted under the circumstances of the procedure urged by the Board, (3) the trial court mistakenly believed that it lacked power to order the Board to grant the safety exemption to the individual plaintiffs, and (4) plaintiffs are able to amend their first amended complaint to state legally viable causes of action.

We conclude that the trial court properly granted defendants' demurrers without leave to amend. As the prayer for relief in the first amended complaint makes clear, this action essentially seeks to invalidate the Regulation. The plaintiffs' proposed second amended complaint indicates a continued focus on invalidating or indefinitely suspending the Regulation. Plaintiffs' attack on the regulation lies within the exclusive jurisdiction of the Ninth Circuit. We further conclude that the individual plaintiffs' sixth cause of action is barred for failure to comply with the applicable statute of limitations. Accordingly, we affirm.

## BACKGROUND

### *The Truck and Bus Regulation*

To provide context for the issues in this case, we draw on this court's discussion of the Regulation set forth in *Alliance*. *Alliance* explained that the Regulation arises under the federal Clean Air Act (42 U.S.C. § 7401 et seq.) (Act). (*Alliance, supra*, 23 Cal.App.5th at p. 1053.) "The Act authorizes the United States Environmental Protection Agency (Agency) to promulgate national primary and secondary ambient air quality standards. (42 U.S.C. §§ 7408, 7409.) States, however, have the 'primary responsibility for assuring air quality' and must each devise, adopt, and implement a state

3

implementation plan . . . specifying how the state will achieve and maintain the national air quality standards. (*Id*., § 7407(a).) The [state implementation plan] is submitted to the Agency's administrator (Administrator) for approval. (*Id*., § 7410(a)(1), (3)(B).)" (*Id.* at p. 1053.)

*Alliance* further explained:

"The Administrator is required to approve the state's [state implementation plan] submission if it complies with the provisions of the Act and applicable federal regulations. (42 U.S.C. § 7410(k); 40 C.F.R. § 52.02(a) (2017).) Among other things, the [state implementation plan] must contain 'enforceable emission limitations and other control measures, means, or techniques . . . as well as schedules and timetables for compliance,' and provide 'necessary assurances that the State . . . will have adequate personnel, funding, and authority under State (and, as appropriate, local) law to carry out such implementation plan (and is not prohibited by any provision of Federal or State law from carrying out such implementation plan or portion thereof).' (42 U.S.C. § 7410(a)(2)(A), (E).)

"In May 2011, the Board submitted the Regulation to the Agency for inclusion in California's [state implementation plan]. (76 Fed.Reg. 40652, 40653 (July 11, 2011).) The Board had adopted the Regulation in 2008 to help California meet the national standards for fine particulate matter and ozone. (Cal. Code Regs., tit. 13, § 2025, subd. (a); [*Cal. Dump Truck Owners Ass'n. v. Nichols* (9th Cir. 2015)] 784 F.3d [500,] 503.) The Regulation generally sets forth stated deadlines by which certain diesel vehicles operating in California must be retrofitted with diesel particulate filters or upgraded to newer model engines with those filters. (Cal. Code Regs., tit. 13, § 2025, subds. (b), (d)(18), (35), (60), (e)-(g); 76 Fed.Reg., *supra*, at pp. 40654-40655.) The filters are verified by the Board, as required by the Regulation, pursuant to the ['Verification Procedure, Warranty and In-Use Compliance Requirements for In-Use Strategies to Control Emissions from Diesel Engines.' (Cal. Code Regs., tit. 13, §§ 2700-

4

2711)], which sets forth the procedures and requirements for manufacturers to obtain verification of their filters.  (Cal. Code Regs., tit. 13, §§ 2025, subd. (d)(18), (35), (60), & 2700-2711.)

"On July 11, 2011, the Agency published a proposed rule to approve California's request to incorporate the Regulation and other regulations into its [state implementation plan].  (76 Fed.Reg., *supra*, at p. 40652.)  The Agency explained the requirements and key concepts of the Regulation, including the requirements relating to the filters verified pursuant to the verification procedure.  (76 Fed.Reg., *supra*, at pp. 40654-40656.)  As part of its analysis, the Agency discussed the enforceability of the Regulation and found the state has adequate legal authority to implement the regulations.  (76 Fed.Reg., *supra*, at pp. 40658-40659.)  It further determined it 'kn[e]w of no obstacle under Federal or State law in [the Board's] ability to implement the regulations.'  (76 Fed.Reg., *supra*, at p. 40658.)

"On April 4, 2012, the Agency issued its final rule approving the Board's [state implementation plan] submission, noting it received no comments on its proposed rule.  (77 Fed.Reg. 20308-20314 (Apr. 4, 2012).)  The Regulation was incorporated into California's [state implementation plan] by reference.  (40 C.F.R. § 52.220(c)(410) (2017).)  In the final rule notice, the Agency reiterated the basis it used to evaluate the Regulation, including its determination that the state provided the necessary assurances required under the Act.  (77 Fed.Reg., *supra*, at p. 20311.)"  (*Alliance*, *supra*, 23 Cal.App.5th at pp. 1055-1056, fns. omitted.)

### *The Present Case*

In November 2016, Alliance and the individual plaintiffs filed a complaint for declaratory relief in Sacramento County Superior Court.  The complaint requested relief in the form of a declaration that diesel particulate filters "are inherently unsafe and mechanically unreliable," and that their requirement in California vehicles be largely

prohibited. The complaint also requested that a writ of mandate issue to grant individual plaintiffs a safety exemption from the diesel particulate filter retrofit requirement.

In January 2018, Alliance and the individual plaintiffs filed a first amended complaint for declaratory and injunctive relief. Like the original complaint, the first amended complaint requested relief in the form of a declaration that the diesel particulate filters are inherently unsafe and mechanically unreliable. The first amended complaint added requests for declarations that the diesel particulate filters violated various federal constitutional provisions in addition to a declaration that the diesel particulate filter is not the best available control technology for reducing emissions. The individual plaintiffs sought relief suspending the diesel particulate filter requirement, implementing a new exemption process, and allowing owners and operators of buses to remove their diesel particulate filters.

The Board demurred and moved to strike the first amended complaint. The Board argued that exclusive concurrent jurisdiction barred this case because the same issues were pending in this court in *Alliance*, only the Ninth Circuit had subject matter jurisdiction, the trial court could not grant mandate relief by ordering the Board to exercise its discretion in a specific manner, and the individual plaintiffs' request for relief was barred by the statute of limitations. The non-Board defendants separately demurred on grounds that there was no case or controversy between the plaintiffs and the non-Board defendants. Plaintiffs opposed the demurrers filed by the Board and non-Board defendants.

On March 26, 2018, the trial court in this case stayed the action pending decision by this court in *Alliance*. On July 18, 2018, the trial court continued the stay while Alliance sought review of *Alliance* in the California Supreme Court. After the California Supreme Court denied review of *Alliance*, plaintiffs in this case sought leave to file a second amended complaint.

6

After a hearing, the trial court sustained without leave to amend the demurrers of the Board and non-Board defendants.  As to the Board, the trial court determined that it lacked subject matter jurisdiction because Alliance's action effectively challenged the Regulation itself.  The trial court reasoned, "All parties agree the only way to comply with the Regulation is by installing a [diesel particulate filter].  Thus, if this court were to strike down the [diesel particulate filter] requirement, it would also, as a practical matter, vitiate the Regulation – something this court lacks jurisdiction to do."

The trial court sustained the non-Board defendants' demurrers on several grounds.  Specifically, the trial court determined that the individual plaintiffs' challenges to the Regulation were untimely for not having been filed within 30 days of the Regulation's promulgation, plaintiffs failed to exhaust their administrative remedies, and mandate relief was not available to command the Board to exercise its discretion to issue exemptions from the diesel particular filter requirement.  The trial court concluded by denying plaintiffs' request to file a second amended complaint.

The trial court entered a judgment of dismissal on January 8, 2019.  A week later, plaintiffs filed a notice of appeal.

## DISCUSSION

## I

### *Jurisdiction*

Alliance contends the trial court erred in dismissing its action against the Board and non-Board defendants for lack of subject matter jurisdiction.  In Alliance's view, the gravamen of this case concerns the *implementation* of the Regulation rather than the validity of the Regulation as challenged in *Alliance*.  We are not persuaded.

7

## A.

### *Issues Presented in Alliance*

*Alliance* involved consolidated cases brought in the Sacramento and Glenn County Superior Courts. (*Alliance, supra*, 23 Cal.App.5th at p. 1050.) In the Glenn County case, Alliance sued the Board, its chair, executive officer, and board members on grounds that the Regulation required the use of unsafe diesel particulate filters. (*Alliance,* at p. 1057.) The Glenn County Superior Court granted the Board's motion for judgment on the pleadings, and Alliance appealed. (*Id.* at pp. 1057-1058.) On appeal, "Alliance alleged the controversy concerns the 'legality [of the Regulation], as designed, approved, *and implemented* by defendants,' and that its members would suffer irreparable harm if the Regulation is *implemented* and enforced because they would be 'forced to install an unproven, defective and dangerous technology, to wit the [filter] device' or suffer fines, penalties, and lost revenue due to the inability to operate their trucks in California. In its request for relief, Alliance sought a declaration that the continued enforcement of the Regulation and verification procedure, in whole or in part, with respect to the filter requirement would place Alliance members 'in the position of violating California public health and safety laws.' It further sought an injunction prohibiting enforcement of the Regulation and the verification procedure 'in their entirety, or at least as to the current [filter] device requirements.' " (*Id.* at p. 1057, italics added.) The Glenn County Superior Court dismissed Alliance's case. (*Id.* at p. 1058.)

The Sacramento County plaintiffs in *Alliance* included an out-of-state professional truck driver, Jack Cody, who received a citation for operating a truck without a diesel particulate filter. (*Alliance*, *supra*, 23 Cal.App.5th at p. 1058.) Cody initially challenged the Regulation in federal court. (*Alliance,* at p. 1058.) Although the Ninth Circuit dismissed his challenge, Cody also sought declaratory relief in Sacramento County Superior Court on grounds that the Regulation violated the dormant commerce clause.

(*Alliance,* at pp. 1059-1060.)  The Sacramento County Superior Court dismissed Cody's complaint for lack of subject matter jurisdiction.  (*Id.* at p. 1060.)

On appeal, the Board argued that both Alliance and Cody's actions were barred by section 307(b)(1), of the Act.  (*Alliance*, *supra*, 23 Cal.App.5th at p. 1054 & fn. 4; see also 42 U.S.C. § 7607(b)(1) [codifying § 307(b)(1), of the Act].)  In considering the jurisdictional challenge, this Court explained:

"Section 307(b)(1) provides, in pertinent part:  'A petition for review of the Administrator's action in approving or promulgating any implementation plan . . . or any other final action of the Administrator under this [Act] . . . which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit.'  (42 U.S.C. § 7607(b)(1).)  The petition 'shall be filed within sixty days from the date notice of such promulgation, approval, or action appears in the Federal Register, except that if such petition is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise.'  (*Ibid*.)

"Section 307(b)(2) of the Act states, in part, that an '[a]ction of the Administrator with respect to which review could have been obtained under paragraph (1) shall not be subject to judicial review in civil or criminal proceedings for enforcement.'  (42 U.S.C. § 7607(b)(2).)  Further, section 307(e) of the Act provides '[n]othing in this [Act] shall be construed to authorize judicial review of regulations or orders of the Administrator under this [Act], except as provided in this section.'  (42 U.S.C. § 7607(e).)"  (*Alliance*, *supra*, 23 Cal.App.5th at pp. 1056-1057.)

*Alliance* holds that section 307(b)(1) "provides that the Administrator's approval of a [state implementation plan] submission 'may be filed *only* in the United States Court of Appeals for the [appropriate circuit].'  (42 U.S.C. § 7607(b)(1), italics added.)  'Only' means 'solely' or 'exclusively.'  (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 867; cf. *Mims v. Arrow Financial Servs., LLC* (2012) 565 U.S. 368, 380 [181 L.Ed.2d

9

881, 895 [state jurisdiction not exclusive because statute did not provide action could be brought ' "only" in state court, or "exclusively" in state court.'].)  Further, section 307(e) explicitly precludes judicial review except as provided in the Act.  (42 U.S.C. § 7607(e).) Thus, by the plain language of the statute, federal courts of appeals have original and exclusive jurisdiction over challenges to the Agency's actions enumerated in the statute." (*Alliance*, *supra*, 23 Cal.App.5th at pp. 1061-1062.)

In assessing whether Cody and Alliance presented claims subject to the jurisdictional bar of section 307, *Alliance* notes that "[o]ur analysis turns on the *effect* of [the plaintiffs'] requested relief and not on how Cody and Alliance chose to *frame* their challenges to the Regulation.  Otherwise creative lawyering could override congressional intent, a result not permitted by law."  (*Alliance*, *supra*, 23 Cal.App.5th at p. 1063.)  On this point, section 307 reflects "Congress's clear concern with channeling and streamlining challenges to approved [state implementation plan] submissions in one jurisdiction, establishes a ' "fairly discernable" ' intent to preclude state court review in these cases."  (*Alliance*, at p. 1062, quoting *Thunder Basin Coal Co. v. Reich* (1994) 510 U.S. 200, 216 [127 L.Ed.2d 29, 43].)

Based on section 307 and the legislative intent underlying that section, this court affirmed the dismissal of Cody and Alliance's actions for lack of subject matter jurisdiction.  In affirming, this Court rejected Alliance's argument that it was "not seeking to 'completely' invalidate the Regulation, but merely challeng[e] '*how the regulation is implemented* by [the Board] and to the narrow issue of why the verified [diesel particulate filter] devices, at this time, have proven to be unsafe, and therefore conflict with other public safety laws . . . .' "  (*Alliance*, *supra*, 23 Cal.App.5th at p. 1066, italics added.)  Because Alliance sought a declaration "that the Regulation is invalid and unenforceable in whole or in part," the gravamen of the complaint presented a claim that could only by brought under the original jurisdiction of the Ninth Circuit.  (*Ibid.*)

**B.**

***Alliance's Requests for Relief in This Case***

As in *Alliance*, we examine the gravamen of Alliance's requested relief, rather than how Alliance chooses to frame their challenges to the Regulation, in order to determine whether California courts have subject matter jurisdiction. (*Alliance*, *supra*, 23 Cal.App.5th at p. 1063.) An examination of the request for relief in the first amended complaint compels the conclusion that Alliance seeks to invalidate the Regulation. In the first amended complaint, Alliance asserts five causes of action premised on assertions that the Regulation violates various federal constitutional provisions as well as various safety-related laws. Based on the assertion of unconstitutionality and violation of federal and state safety laws, Alliance seeks declaratory relief to invalidate the Regulation. Alliance's attempt to invalidate the Regulation presents a legal challenge over which only the Ninth Circuit has subject matter jurisdiction. (*Alliance*, *supra*, 23 Cal.App.5th at pp. 1062, 1066.)

We reject Alliance's argument that it seeks merely to challenge how the Regulation is implemented. Regardless of how its causes of action might be characterized, Alliance plainly seeks to have the Regulation invalidated. On this point, the Ninth Circuit has explained that "jurisdiction under § 307(b)(1) is not established solely by the allegations on the face of a complaint; instead, § 307(b)(1) 'channels review of final EPA action exclusively to the courts of appeals, *regardless of how the grounds for review are framed.*' *Virginia v. United States*, 74 F.3d 517, 523 (4th Cir.1996) (emphasis added). Thus, § 307(b)(1) has been applied to claims that *effectively*, if not facially, challenged an EPA final action." (*Cal. Dump Truck Owners Ass'n. v. Nichols, supra,* 784 F.3d at p. 506.) To the extent that Alliance seeks to challenge the implementation, it seeks to bar enforcement of the Regulation. This relief may be sought only in the Ninth Circuit. (*Dump Truck*, at p. 506.)

This court has already rejected an identical argument by the same party. In both *Alliance* and this case, Alliance has argued that the Regulation conflicts with state and federal safety laws. (*Alliance, supra*, 23 Cal.App.5th at p. 1054.) As this court recounted in *Alliance*, plaintiff argues that it was "not seeking to 'completely' invalidate the Regulation, but merely challenging 'how the regulation is implemented by [the Board] and to the narrow issue of why the verified [diesel particulate filter] devices, at this time, have proven to be unsafe, and therefore conflict with other public safety laws . . . .' " (*Id.* at p. 1066.) In essence the claim in *Alliance* effectively challenged the " 'legality [of the Regulation], as designed, approved, *and implemented* by defendants.' " (*Id.* at p. 1057, italics added.)

In this case, Alliance again protests it is challenging the defendants' "implementation of the Regulation in a manner that requires the installation of [diesel particulate filter] devices, not the actual Regulation itself." As we explained in *Alliance*, a challenge to the diesel particulate filter requirement is inseparable from a challenge to the Regulation itself: "[T]he Regulation's enforceability and the Board's legal authority to implement the Regulation are express factors applicable to the [state implementation plan] approval process, and thus claims are subject to section 307(b)(1) and section 307(b)(2)." (*Alliance, supra*, 23 Cal.App.5th at p. 1067, fn. omitted.) As the trial court found, "it is undisputed the [diesel particulate filter] is the only way to comply with the Truck and Bus Regulation, . . . this action effectively challenges the Regulation itself."[4]

---

[4]     In its briefing, Alliance contends that the inseparability of the diesel particulate filter from the Regulation is not undisputed. The record belies this contention. Alliance's first amended complaint expressly alleges that the diesel particulate filter requirement is the *only* way that the Board has allowed compliance with the Regulation. Tellingly, Alliance's proposed second amended complaint reiterates the assertion that the diesel particulate filter is the only manner in which the Board has allowed truck and heavy machinery owners and operators to comply with the Regulation.

We conclude Alliance's challenge to enforcement of the Regulation lacks merit for the same reason as articulated in *Alliance*.

We reject Alliance's reliance on *In re Volkswagen "Clean Diesel" Mktg.* (N.D. Cal. 2017) 264 F.Supp.3d 1040 and *Utah Power & Light Co. v. Environmental Protection Agency* (D.C. Cir. 1977) 553 F.2d 215 (*Utah*). Both *Volkswagen* and *Utah* involved challenges to the application of state implementation plans to specific instances of implementation rather than attempts to invalidate the state implementation plans themselves. Specifically, *Volkswagen* turned on the question of whether the several states could bring actions in state court against a car manufacturer for wrongfully masking the true extent of vehicle nitrogen oxide emissions. (*Volkswagen,* at p. 1042.) The United States District Court in *Volkswagen* concluded that the actions were cognizable even though not brought in the federal court of appeals because it was undisputed that the state implementation plans were valid. (*Id.* at p. 1047.) The controversy was whether the state implementation plans applied to the masking technology employed by the vehicle manufacturer. (*Ibid.*) The *Volkswagen* court explained that "[a] challenge to 'a particular interpretation or application' of a [state implementation plan], which if accepted would not invalidate the [state implementation plan], is not governed by Section 307(b)(1) and instead is properly considered by the district court." (*Ibid.*) In contrast to *Volkswagen* where the validity of state implementation plan was not at issue, Alliance seeks to invalidate the Regulation in this case as unconstitutional and in conflict with other federal and state laws.

*Utah* likewise involved an action that did not attack the validity of a state implementation plan. (*Utah, supra*, 553 F.2d at p. 216.) In *Utah*, a utility company filed an action in the first instance in the court of appeals to seek review of an agency decision that three electricity generating plants under construction would result in significant deterioration of air quality in violation of the Act. (*Utah,* at p. 216.) The Agency moved to dismiss for lack of jurisdiction in the court of appeals because the utility company was

13

not challenging the approval or promulgation of the state implementation plan. (*Ibid.*) The *Utah* court noted that the issue of jurisdiction turned on "whether the petitioner is attacking the validity of an agency regulation or, instead, is attacking a particular interpretation or application of that regulation." (*Id.* at p. 218, fn. omitted.) The court of appeals dismissed the action on grounds that the utility company was merely seeking to show that the regulations did not apply to three specific power plants. (*Id.* at pp. 217-218.) In contrast to *Utah*, this case does involve an attack on the validity of a regulation and jurisdiction is therefore limited to that of the Ninth Circuit.[5]

## C.

### *Amendment*

Alliance asserts that it can amend its complaint to state a cause of action that lies within the subject matter jurisdiction of California courts. When a trial court properly sustains a demurrer without leave to amend, "the burden falls upon the plaintiff to show what facts he or she could plead to cure the existing defects in the complaint. (*Cantu v. Resolution Trust Corp.* [(1992)] 4 Cal.App.4th [857,] 890.) 'To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action.' (*Ibid.*)" (*Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 734.)

Here, the record shows that Alliance sought leave to file a second amended complaint. Review of this proposed complaint shows that it reiterates the same requests in Alliance's earlier complaints for declarations that the diesel particulate filter requirement is unconstitutional and conflicts with various safety laws. Equally importantly, Alliance seeks the same declaratory relief that would effectively invalidate

---

[5]     In light of our conclusion, we deny Alliance's requests for judicial notice (filed on May 4, 2020, & Aug. 3, 2020) as unnecessary to our decision. (See, e.g., *TransparentGov Novato v. City of Novato* (2019) 34 Cal.App.5th 140, 146, fn. 3.)

the Regulation by eliminating the only manner in which diesel machinery can comply with the Regulation. For this reason, Alliance's proposed second amended complaint does not cure the lack of jurisdiction over this action.

In its briefing, Alliance does not clearly state whether it would deviate from the proposed second amended complaint contained in the record. Instead, Alliance asserts that in relation to its causes of action it would "remove several defendants from the case," "clarify [its] claims," "underscore the consistency of [its] claims with the . . . decision in *Alliance*," and it would add unspecified "additional allegations and evidence." We are not persuaded by these assertions. Removing defendants from this case does not change the tenor of Alliance's attack on the validity of the Regulation. The rest of Alliance's assertions about harmonizing with the holding of *Alliance* and adding unspecified additional allegations are too vague to meet its burden to demonstrate how it would amend to state causes of action for which California courts would have subject matter jurisdiction. Accordingly, we affirm the trial court's dismissal of Alliance's causes of action without leave to amend.

## II

### *Individual Plaintiffs' Cause of Action Relating to the Safety Exemption*

The individual plaintiffs argue that they are entitled to declaratory and injunctive relief commanding the Board to grant them safety exemptions from the diesel particulate filter requirements for their vehicles. We conclude that the individual plaintiffs' cause of action for declaratory relief is barred by the statute of limitations imposed by the Regulation.

### A.

### *Requests for Safety Exemptions*

The first amended complaint alleges in its sixth cause of action that the individual plaintiffs applied to the Board for safety exemptions from the requirement to retrofit their

vehicles with diesel particulate filters. The Board uniformly denied the requests for the safety exemption. In response to the denials, the individual plaintiffs allege they exhausted their administrative remedies without securing their requested relief.

The trial court dismissed the individual plaintiffs' cause of action. In doing so, the trial court recognized that the Board "agrees this cause of action is not barred [for lack of subject matter jurisdiction] by *Dump Truck*, nor disposed of by the *Alliance* decision." The dismissal was based on the individual plaintiffs' failure to comply with the Regulation's 30-day deadline to bring an appeal and their failure to exhaust their administrative remedies. The trial court also articulated a third ground for the dismissal: the unavailability of mandate relief to compel the Board to exercise its discretion in a particular manner. On this point, the trial court noted that the individual plaintiffs argued that the Board " 'has a mandatory duty to grant meritorious safety applications because the alternative is unlawful and unconstitutional.' "

**B.**

***Timeliness of the Sixth Cause of Action***

The Regulation imposes a 30-day deadline within which to appeal the denial of a safety exemption. (Cal. Code Regs., tit. 13, § 2025, subd. (q)(5)(C)(2).) Subdivision (q)(5)(C) of title 13, section 2025, provides in pertinent part that "1. Any party whose request has been denied may request a hearing for the Executive Officer to reconsider the action taken by sending a request in writing to the Executive Officer. . . . [¶] . . . [¶] 2. A request for a hearing shall be filed within 30 days from the date of issuance of the notice of the denial." Consequently, the individual plaintiffs were required to file their appeals within 30 days after the denials of their safety exemption requests. The individual plaintiffs, however, did not comply with the Regulation's deadline.

The complaint shows that individual plaintiff Caldwell filed his appeal more than 30 days after the denial of his request for a safety exemption. The complaint does not

16

assert that individual plaintiff McGowan filed an appeal. The complaint does not show that individual plaintiff Paiva complied with the 30-day deadline. In short, the complaint does not show that any of the individual plaintiffs complied with the deadline imposed by subdivision (q)(5)(C) of the Regulation.

We are not persuaded by the individual plaintiffs' attempt to show that they relied on a "separate procedure that CARB established and employed in parallel with section 2025[, subdivision ](q)(5)." First, the complaint alleges that the individual plaintiffs' request for a safety exemption was made under the Regulation. Second, appellants' reliance on a "separate procedure" from the Regulation is not supported by any statutory or regulatory authority that excuses compliance with the express 30-day deadline set forth by subdivision (q)(5)(C)(2) of the Regulation. The trial court properly granted the demurrer as to the individual plaintiffs' sixth cause of action because they did not timely file an appeal with 30 days as required by the Regulation.

We note that the nature of the relief sought by the individual plaintiffs in their proposed second amended complaint is identical to their prayer in the first amended complaint. In their briefing, the individual plaintiffs do not indicate that they would amend their prayer for relief to recast it as something other than a challenge that effectively seeks to negate the Regulation. Accordingly, the individual plaintiffs have not met their burden to show that they would or could amend their complaint to state a viable cause of action.

## III

### *Jurisdiction Relating to the Non-Board Defendants*

Our conclusion that the causes of action brought by Alliance are cognizable only in the Ninth Circuit obviates the need to consider the arguments of the non-Board defendants that they should not have been included in this action. For lack of subject matter jurisdiction in California courts, the trial court's sustaining of the non-Board

defendants' demurrer without leave to amend achieved the correct result.  Accordingly, we affirm as to the non-Board defendants as well.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


       /s/
HOCH, J.



We concur:



 /s/
BLEASE, Acting P. J.



 /s/
MAURO, J.